IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

WILLIAM S. ALLAN, et al.,

    Plaintiffs,

v.                                 Civil Action No. 3:16CV215

FEDERAL NATIONAL MORTGAGE
ASSOCIATION, et al.,

    Defendants.



**MEMORANDUM OPINION**

This matter is before the Court on Plaintiffs' MOTION TO REMAND (Docket No. 7). For the reasons stated below, Plaintiff's MOTION TO REMAND will be granted.

**BACKGROUND**

On December 9, 2004, Plaintiffs William S. Allan and Susan J. Allan ("the Allans") borrowed $168,400.00 from American Home Mortgage Corporation and signed an associated promissory note. (Def.'s Notice of Removal, Docket No. 1, 1).The Allans granted a Deed of Trust to Mortgage Electronic Systems, Inc., as American Home Mortgage Corporation, on the same day; the deed was recorded in the Circuit Court of Powhatan County. (Def.'s Notice of Removal 1). American Home Mortgage Corporation assigned the note to Federal National Mortgage Association ("Fannie Mae"). (State Court Complaint, Docket No. 1-1, ¶ 12). Fannie Mae

retained Green Tree Servicing, also known as Ditech Financial, LLC, as servicer on the loan. (State Court Complaint, ¶ 12). Green Tree Servicing appointed Commonwealth Trustees LLC ("Commonwealth") as the Substitute Trustee on November 13, 2014. (Def.'s Notice of Removal 2). Rosenberg Associates, LLC ("Rosenberg") represents Commonwealth. (Def.'s Notice of Removal 2). In 2014, Commonwealth initiated a foreclosure sale, and JCM III, LLC ("JCM") purchased the property. (Def.'s Notice of Removal 2).

On November 9, 2015, the Allans filed a Complaint in the Circuit Court for Powhatan County against Fannie Mae, Commonwealth, JCM, and Rosenberg (collectively, "Defendants"). (Pl.'s Mem. in Supp. of Mtn. to Remand, Docket No. 8, 1) ("Pl.'s Remand Mem."). The Allans are Virginia residents, and Commonwealth, JCM, and Rosenberg are Virginia corporations for diversity purposes. (Pl.'s Remand Mem. 1; Def.'s Notice of Removal 3-4). Fannie Mae's counsel entered an appearance on November 23, 2015, and service was effective on Fannie Mae as of January 6, 2016. (Pl.'s Remand Mem. 1). Fannie Mae, Commonwealth, JCM, and Rosenberg filed demurrers. (Pl.'s Remand Mem. 1-2).

The State Court Complaint asserted ten claims. Count One sought rescission of the foreclosure on the basis of Rosenberg and Commonwealth's requirement that the purchaser pay Rosenberg

2

$445.00 for review of the settlement documents, allegedly in violation of Rosenberg and Commonwealth's duty against self-dealing. (State Court Complaint ¶¶ 13-36). Count Two sought rescission of the foreclosure on the basis that the legally questionable $445.00 fee dissuaded buyers who could tell that such legally questionable fee would leave the purchase open to a legal challenge such as this suit. (State Court Complaint ¶¶ 37-39). Count Three sought compensatory damages related to the Allans' deprivation of the use of their home. (State Court Complaint ¶¶ 40-43). Count Four sought rescission on the grounds that Commonwealth was not properly appointed as a substitute trustee. (State Court Complaint ¶¶ 44-62). Court Five sought compensatory damages against Fannie Mae for breach of certain provisions of the deed of trust. (State Court Complaint ¶¶ 63-66). Count Six sought rescission based on the Defendants' collective failure to at any time notify the Allans of an opportunity to cure by paying the principal in full, as required by the mortgage documents. (State Court Complaint ¶¶ 67-72). Count Seven sought compensatory damages against Fannie Mae for damages related to the foreclosure. (State Court Complaint ¶¶ 73-75). Count Eight, like Count Six, sought rescission based on failure to notify the Allans of an opportunity to cure. (State Court Complaint ¶¶ 73-75). Count Nine, like Counts Six and Seven, sought compensatory damages against Fannie Mae for

3

damages related to the foreclosure. (State Court Complaint ¶¶ 81-83). Count Ten sought compensatory damages against Fannie Mae for implied covenant of good faith and fair dealing. (State Court Complaint ¶¶ 84-89). The Defendants filed demurrers as to all causes of action.

On March 13, 2016, the Circuit Court issued a "Letter Opinion" (Letter Opinion, Docket No. 3, Ex. C) ("Letter Opinion") sustaining the demurrers as to some, but not all, of the counts. (Pl.'s Remand Mem. 2; Def.'s Notice of Remand 3). In particular, the Letter Opinion sustained the demurrers as to Count One, Count Two, Count Three, Count Four, Count Five, Count Six, Count Eight, and Count Ten. (Letter Opinion 1-3). The Court did not sustain the demurrers as to Count Seven (noting a factual dispute about whether a cure notice was sent) and Count Nine (same). (Letter Opinion 2-3). This had the effect of sustaining the demurrers against all non-diverse defendants, leaving only claims against the diverse defendant, Fannie Mae. (Pl.'s Remand Mem. 2; Def.'s Notice of Removal 2-3).[1]

On April 13, 2016, Fannie Mae filed this notice of removal. When Fannie Mae removed the case, the Circuit Court had not

---

[1] The Letter Opinion dismissed Counts One, Two, Three, Four, Five, Six, Eight, and Ten, and did not dismiss Counts Seven and Nine. (Pl.'s Remand Mem. 2). Counts Seven and Nine seek compensatory damages from Fannie Mae for an alleged failure to send a Notice of Acceleration to the Allans. (Def.'s Notice of Removal 2).

4

entered an order effectuating its opinion. (Pl.'s Remand Mem. 2). At the same time that Fannie Mae filed its Notice of Removal, it filed a motion in this Court seeking to enter an order formally adopting the Circuit Court's Letter Opinion. (Def.'s Partially Consented Mtn. to Enter Order Sustaining Demurrers in Part, Docket No. 4) ("Def.'s Mtn. to Enter").[2]

On May 6, 2016, the Allans filed their Motion to Remand. (Docket No. 7). The Allans assert four theories for remand: (1) the so-called involuntary-dismissal rule; (2) diversity does not yet exist because the Circuit Court has not formally dismissed Commonwealth or JCM; (3) JCM and Commonwealth were not fraudulently joined; and (4) if JCM and Commonwealth were fraudulently joined, then the thirty-day clock for Fannie Mae to file for removal ran from the date of service, not from the date of the Letter Opinion.

## LEGAL STANDARD

An action is properly removed to this Court for diversity of citizenship if the amount in controversy exceeds $75,000 and the parties are citizens of different States. 28 U.S.C. § 1332(a)(1). "Removal of civil cases to federal court is an infringement on state sovereignty." Adams v. Aero Servs. Int'l, Inc., 657 F. Supp. 519, 521 (E.D. Va. 1987). Therefore, "[t]he

---

[2] "Partially consented," in this case, means that the other Defendants consented to the motion, but that the Allans did not. (Def.'s Mtn. to Enter 1 n.1).

5

burden of demonstrating jurisdiction resides with 'the party seeking removal.'" Barbour v. Int'l Union, 594 F.3d 315, 326 (4th Cir.2010) (quoting Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994)). As a result of the "undergirding principle that federal courts, unlike most state courts, are courts of limited jurisdiction," "a party seeking to adjudicate a matter in federal court must allege, and when challenged must demonstrate, the federal court's jurisdiction over the matter." Strawn v. AT & T Mobility, LLC, 530 F.3d 293, 296 (4th Cir. 2008). Although a defendant is only required to allege federal jurisdiction in his notice of removal, "when removal is challenged, the removing party bear[s] the burden of demonstrating that removal jurisdiction is proper." Strawn, 530 F.3d at 297 (emphasis in original). However, "this burden is no greater than is required to establish federal jurisdiction as alleged in a complaint." Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 200 (4th Cir. 2008). Nevertheless, "if federal jurisdiction is doubtful, a remand is necessary." Mulcahey, 29 F.3d at 151.

To establish that a defendant has been fraudulently joined, the removing party must prove either that "there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court" or that "there has been outright fraud in the plaintiff's

6

pleading of jurisdictional facts." Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993); see also Beaudoin v. Sites, 886 F. Supp. 1300, 1302 (E.D. Va. 1995). Where, as here, the removing party argues that there is no possibility that the plaintiff will be able to state a claim against the non-diverse defendant,

> [t]he burden on the defendant claiming fraudulent joinder is heavy: the defendant must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor.

Marshall, 6 F.3d at 232-33.

When fraudulent joinder is at issue, "the court is not bound by the allegations of the pleadings, but may instead 'consider the entire record, and determine the basis of joinder by any means available.'" AIDS Counseling & Testing Centers v. Group W Television, Inc., 903 F.2d 1000, 1004 (4th Cir. 1990) (citation omitted). "[T]he defendants may submit affidavits and deposition transcripts; and ... the plaintiff may submit affidavits and deposition transcripts along with the factual allegations contained in the verified complaint." B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981)

7

**ANALYSIS**

**A.  The Letter Opinion Is Sufficient to Formally Dismiss the Non-Diverse Defendants for the Purposes of Removal**

The Allans argue that "[b]ecause JCM … and Commonwealth … remained before the Circuit Court at the time of removal," because the Letter Opinion had not been the subject of a formal order, "the parties before this Court lack complete diversity." (Pl.'s Remand Mem. 7). The Letter Opinion is unquestionably not an order, given that it requests that the parties prepare a consistent order. (Letter Opinion 4). However, the lack of an order formally implementing the Letter Opinion an independent bar to removal.

The removal statute states that

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant … of a copy of an amended pleading, motion, order <u>or other paper from which it may first be ascertained that the case is one which is or has become removable</u>.

28 U.S.C. § 1446(b)(3) (emphasis added). Opinions, even when no order is entered effectuating the opinion, can start the thirty-day clock because such opinions are "other papers" from which a defendant may first ascertain that the case is or has become removable. E.g., <u>Link Telecommunications, Inc. v. Sapperstein</u>, 119 F. Supp. 2d 536, 543 (D. Md. 2000) (state court judge's opinion was "other paper" for purposes of 30-day deadline). If

8

opinions could start the clock on a thirty-day deadline, but not effectively remove non-diverse defendants, then diverse defendants could be barred from exercising their statutory removal rights.

The fact that no order was entered effectuating the Letter Opinion within thirty-days, and that Fannie Mae accordingly filed its Notice of Removal without the benefit of an order effectuating the Letter Opinion, is not a bar to removal.

## B.  The So-Called Voluntary-Involuntary Rule Bars Removal

Notwithstanding the general rule that diversity cases may be removed to federal court,

> [w]hen the dismissal of all non-diverse defendants results from something other than the voluntary action of the plaintiff, a federal court cannot exercise jurisdiction under the so-called "voluntary-involuntary" rule, and removal is not proper.

Riverdale Baptist Church v. Certainteed Corp., 339 F. Supp. 2d 943, 945 (D.Md. 2004) (relying on Grubb v. Donegal Mut. Ins. Co., 935 F.2d 57, 60 (4th Cir. 1991); Higgins v. E.I. DuPont d Nemours & Co., 863 F.3d 1162, 1166 (4th Cir. 1988)).

Fraudulent joinder, the statement of a non-meritorious claim against a non-diverse defendant with the effect of thwarting removal, is a "well-established exception to the voluntary/involuntary rule." Riverdale Baptist Church, 339 F. Supp. 2d at 946 (relying on Mayes v. Rapoport, 198 F.3d 457, 461

9

n.9) (4th Cir. 1999)). To establish fraudulent joinder, the removing party "must establish either (1) there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or (2) there has been outright fraud in the plaintiff's pleading of jurisdictional facts." Riverdale Baptist Church, 349 F. Supp.2d at 947 (relying on Mayes, 198 F.3d at 464). Fannie Mae does not allege fraud; the Court therefore focuses on the first form of fraudulent joinder: "no possibility that the plaintiff would be able to establish a cause of action."

The district court in Riverdale Baptist Church performed a detailed and compelling analysis of the "lineage" of the "no possibility" approach. Riverdale Baptist Church, 947 F. Supp. 2d at 947-52. In the original context, "no possibility" required a defendant to show that "no factual basis existed for any honest belief on the part of the plaintiff that there was joint liability." Id. at 948 (relying on Parks v. New York Times Company, 308 F.2d 474, 478 (5th Cir. 1962), cert. denied, 376 U.S. 949 (1964)) (emphasis added). Other courts have said that a "colorable ground" or a "glimmer of hope" for pursuing joint liability suffices to defeat a fraudulent joinder assertion. Morris v. E.I. Du Pont De Nemours & Co., 68 F.2d 788 (8th Cir. 1934); Phillips v. BJ's Wholesale Club, Inc., 591 F. Supp. 2d 822 (E.D. Va. 2008). There is, in other words, an extremely high

10

burden on a defendant to show not just that a state court dismissed a non-diverse defendant, but that plaintiff could not have had an <u>honest belief</u> that it could bring suit against the non-diverse defendant.

The <u>Riverdale Baptist Church</u> court noted that its extremely high bar is appropriate given the animating principle of the voluntary-involuntary rule: preserving a plaintiff's access to state appellate procedure.

> [O]ne of the reasons underlying the voluntary/involuntary distinction is the practical one of allowing the state court to resolve the status of the non-diverse defendant: 'In most of the instances in which the Supreme Court has employed the voluntary-involuntary rule [to compel remand], it appears that the elimination of the resident defendants was not final at the time the issue of the propriety of removal was considered because the state appellate process as to those defendants was not complete .... As another court explained:
>> The expedient of removal to a federal court cannot be allowed to cut off such a fundamental right of judicial review. It goes without saying that if the Supreme Court of Alabama should ultimately enter an order setting aside [the lower court ruling] … there would be no complete diversity in this case. The compelling concepts … are (1) that the diversity must exist when the suit is filed or thereafter be created by the voluntary act of the plaintiff and not by the plaintiff's involuntary act or by the act of the state court; and (2) that federal courts cannot trespass upon the

11

> orderly appellate processes of the state court.
> Harrell v. Reynolds Metals Co., 599 F. Supp. 966, 969-70 (N.D. Ala. 1985) .... [T]he fact that the appellate process has not been exhausted … precludes removal.

Riverdale Baptist Church, 349 F. Supp. 2d at 950-51.[3]

The Court finds the analysis in Riverdale Baptist Church - the limited origins of the "no possibility" approach and the need to provide effective judicial review through the state system - persuasive and compelling. To establish fraudulent joinder, Fannie Mae must establish that the Allans could not have held any "honest belief" that they could pursue a joint claim against Fannie Mae and Commonwealth. The fact that the state court sustained the demurrers against Commonwealth is not dispositive in establishing fraudulent joinder.

In its Notice of Removal, Fannie Mae stated that "JCM, Commonwealth, and Rosenberg are now fraudulently joined defendants ... because there is no possibility that Plaintiffs may recover from these defendants" after the Letter Opinion. (Notice of Removal, Docket No. 1, ¶ 28). Fannie Mae's argument misunderstands fraudulent joinder. It is insufficient that the Allans cannot recover after the state court issued an opinion; for fraudulent joinder, a voluntary action of the Allans (such

---

[3] The Allans note that they retain the right to move for reconsideration and the right ot prosecute an appeal to the Virginia Supreme Court. (Pl.'s Remand Reply, Docket No. 14, 7).

12

as the Allans' state court complaint alleging claims against Commonwealth without an "honest belief" that the Allans could recover against Commonwealth) must have created the fraudulent joinder.

Although Fannie Mae has briefly explained why, in its opinion and presumably the opinion of the state court,[4] the Allans could not state a claim under Virginia law (Def.'s Opp. to Pl.'s Mtn. to Remand, Docket No. 13, 5-8), Fannie Mae has not presented any argument, much less a compelling argument, that the Allans could not have <u>any honest belief</u> that they had a claim against the non-diverse Defendants. In so failing, Fannie Mae has not met its burden of showing that removal jurisdiction is proper. <u>Strawn</u>, 530 F.3d at 297; <u>Ellenburg</u>, 519 F.3d at 200; <u>Mulcahey</u>, 29 F.3d at 151.

If the claims against the non-diverse defendants were so obviously deficient that the Allans could not have enjoyed any honest belief that they could prosecute a claim against the non-diverse defendants, then Defendants could and should have removed the case within thirty days of service in which Defendants pled fraudulent joinder. 42 U.S.C. 1446(b) contemplates exactly such a procedure. E.g., <u>Ross v. Lee</u>, No.

---

[4] The state court's Letter Opinion does not present detailed explanations for that court's decision, and this Court does not have access to the arguments the parties presented in the state court.

13

3:15CV566, 2016 WL 521529 (E.D. Va. Feb. 5, 2016) (removing within thirty days of service and stating fraudulent joinder of non-diverse defendant). If Fannie Mae had taken such prompt action, and the Court had sustained the non-diverse Defendants' demurrers (in the form of the federal equivalent, a motion to dismiss), then the Allans would have a path for appeal to the Fourth Circuit and the Supreme Court.

By not removing the case before resolution of the demurrers, however, Fannie Mae has created exactly the type of situation that the voluntary-involuntary rule intends to protect against. If the Court permits removal and adopts the Letter Opinion, then the Allans are foreclosed from review of the state court opinion by a state court appeals court. The Allans are also foreclosed from review of the state court opinion by a lower federal court because lower federal courts cannot review state court decisions. E.g., Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997) ("Under the Rooker-Feldman doctrine, lower federal courts generally do not have jurisdiction to review state-court decisions; rather, jurisdiction to review such decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court").

In conclusion, if the Allans' claims were so deficient that they could have no honest belief that they might recover against the non-diverse Defendants, then the Defendants ought to have

14

removed under 42 U.S.C. 1446(b) within thirty days of service. Defendants' failure to do so, and the state court's subsequent sustaining of some though not all of the Defendants' demurrers, has raised the bar of the voluntary-involuntary rule and accordingly prohibits removal.

## CONCLUSION

For the reasons stated above, Plaintiff's MOTION TO REMAND will be granted.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: October ___, 2016

15